**Elmer L. Forney, Appellee, v. Philip Schlachter, Appellant.**

**Gen. No. 5575.**

1. MASTER AND SERVANT—*duty to furnish safe place.* It is the duty of the master to exercise reasonable diligence to furnish to the servant a reasonably safe place to work and that duty cannot be delegated to another so as to relieve himself from liability in case he fails to do it.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of an instruction which correctly states an abstract proposition of law will not effect a reversal especially if such instruction if given would have been calculated to have misled the jury.

Action in case for personal injuries. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912. Rehearing denied and opinion modified April 25, 1912.

CHUBBUCK & JONES and BUTTERS & ARMSTRONG, for appellant.

Lucey & Larkin, for appellee.

Mr. Justice Morton W. Thompson delivered the opinion of the court.

The declaration in this case consisted of the one count alleging that the defendant, "did negligently and wrongfully erect and construct a platform in an unsafe and dangerous manner by putting poor material in said platform and then and there overloaded said platform with cement, materials and men, and did negligently and wrongfully, by a certain foreman, order and direct the plaintiff to go under said platform so defectively constructed, to perform certain duties for defendant", etc.

Defendant was a concrete contractor, using a cement mixer in connection with which was built a wooden platform about four and one-half feet high and sixteen feet long, with an incline or runway several feet long from the ground up to the platform. On this platform were placed the materials for making the concrete, and from which they were put into the mixer. On June 18, 1909, plaintiff was one of the workmen for defendant, putting in concrete work at Streator, Illinois. While he was under said platform, connecting the water hose to the engine, the platform collapsed, injuring the plaintiff, for which he brings suit. The trial resulted in a judgment for plaintiff for $1,000 and defendant appealed, and assigns numerous errors.

Appellant insists that the trial court erred in overruling his objections to several statements of the plaintiff that witness Wissen, who he says ordered and directed him to go under the platform and attach the hose to the engine, was a foreman. No motion was made to exclude this statement and as the witness told what Wissen did there, what acts of authority he exercised over the men of that crew, what directions he gave them on that job, etc., we think his conclusion that Wissen "was a foreman" is not reversible error.

Appellant also insists that there is no proof that the

platform was negligently constructed of poor material. The evidence shows that the platform and run were built every time they moved the mixer from one job to another; that the timbers were used over and again, sometimes being used for forms, many of them slivered up like old lumber, split and twisted; and we cannot say that the jury were not fully warranted in finding. that allegation proven.

It is also insisted that plaintiff helped build the platform at this place and knew its unsafe condition, which would preclude a recovery. We have examined the testimony carefully, and while it is somewhat conflicting on that point, yet we think it clearly shows that he did not help build the platform.

It is also insisted that the breaking down of the platform was the result of a fellow servant dropping a sack of cement on it. This platform was built to carry five thousand pounds, and at the time of the accident had not over two thousand pounds on it. It was about four and one-half feet from the ground, and the runway was not yet completed and some of the workmen were carrying the sacks of cement weighing about one hundred pounds each, to the platform, while one was on the platform taking them and placing them in rows or piles.

It was the duty of defendant to exercise reasonable diligence to furnish plaintiff a reasonably safe place to work, and that duty could not be delegated to another so as to relieve himself from liability in case he failed to do it.

Appellant complains of the action of the trial court in refusing instructions numbered 30, 31, and 32.

Number 30 directed a verdict for defendant, unless the jury believed that the platform or run had been constructed of poor material, and that such poor material was the cause of its giving way, which was clearly erroneous. Number 31 told the jury, as a matter of law, that "Wissen was not authorized by the

defendant to give the order, direction or request to the plaintiff to connect the hose to the injector as testified to in the evidence, and that all orders given by said Wissen to the plaintiff, under the evidence in this case, were not authorized by the defendant or binding upon him." This was clearly a question of fact for the jury under all the evidence in this case. Number 32 told the jury that if they believed the injury to the plaintiff was caused by mere accident, they should find for the defendant. As an abstract proposition of law it is no doubt correct; but when given to a jury in that form, who may speculate upon what an "accident" is, without any limitation or qualification, it is not correct. If the injury had been caused by a "mere accident," the trial court, no doubt, would have granted appellant's motion to exclude the evidence and have instructed the jury to find defendant not guilty. It was properly refused under the facts in this case. Yarber v. C. & A., 235 Ill. 589.

Finding no reversible error in the record the judgment of the trial court is affirmed.

*Affirmed.*